# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JET SOURCE CHARTER, INC., <br><br> Plaintiff, <br> vs. <br><br> GEMINI AIR GROUP, INC., and TIM CARPAY, <br><br> Defendants. | CASE NO. 07CV433 JLS (JMA) <br><br> **ORDER (1) GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO DISMISS and (2) GRANTING LEAVE TO AMEND** <br><br> (Doc. No. 13) |

Presently before the Court is Gemini Air Group, Inc.'s and Tim Carpay's (collectively, "defendants") motion to dismiss the first amended complaint ("FAC"). (Doc. No. 13.) For the reasons stated below, the Court grants in part and denies in part defendants' motion. With respect to all dismissed causes of action, the Court grants leave to amend.

## BACKGROUND

**A.  Factual Background**

Jet Source Charter, Inc. ("plaintiff" or "JSC") is a certified charter flight operator, and Gemini Air Group, Inc. ("Gemini") leases aircraft and provides flight crews. (Compl. ¶ 2; Memo. ISO Motion, at 2.) On July 21, 2005, JSC and Gemini entered into an "Aircraft Charter Agreement" ("Agreement") for charter flights involving a Gemini Bombardier Challenger 604 aircraft ("aircraft"). (Agreement ¶ 1.1.) Mr. Carpay is the acting president of Gemini and pilot of the aircraft. (Compl. ¶ 3.) During the Agreement's twelve-month term, JSC guaranteed a certain

amount of charter hours and agreed to pay Gemini an hourly rate for using the aircraft. (Agreement ¶¶ 2, 4.2-4.3.) JSC represented that it held the necessary certificates to comply with part 135 of the Federal Aviation Regulations ("FAR"). (Id. ¶ 1.2.) For its part, Gemini agreed to make the aircraft available for a certain number of days and to pay the necessary amounts for the aircraft's ongoing maintenance, certification, and operation. (Id. ¶¶ 3.1-3.2, 4.2.) Gemini would retain "operational control" of the aircraft during its own flight operations, pursuant to FAR part 91.[1] (Id. ¶ 1.3.)

If one party breached or defaulted on any provision, the Agreement specified, "the non-defaulting party may . . . recover from the defaulting party any and all damages or expenses which the non-defaulting party shall have sustained by reason of the default." (Id. ¶ 9(iii).) The Agreement also contained a liability waiver "for indirect, incidental, consequential, special, exemplary damages, or diminution of value following loss whether in contract or tort . . . such as but not limited to loss of revenue, loss of use, or anticipated profits." (Id. ¶ 10.) In the event of termination or default, JSC was obligated to remove the aircraft from its FAR certificate. (Id. ¶ 6(a).)

On September 21, 2006, Federal Aviation Administration ("FAA") officials allegedly conducted a ramp check of the aircraft and discovered that defendants were violating FAR 135 regulations by, inter alia, conducting FAR 135 flights and reporting them as FAR 91 flights.[2] (Compl. ¶ 7; Memo. ISO Motion, at 6.) The FAA issued a "no fly" order for the aircraft. (Compl. ¶ 9.) JSC terminated the agreement and removed the aircraft from its FAR 135 certificate. (Id.)

**B.     Procedural Background**

On December 20, 2006, plaintiff filed a complaint in the North County division of San Diego County Superior Court. (Doc. No. 1, Exhibit A.) On March 8, 2007, defendants removed the case to this Court. (Doc. No. 1.) Defendants moved to dismiss the complaint on April 2, 2007. (Doc. No. 5.) After plaintiff amended its complaint as a matter of right on May 17, 2007 (Doc.

---

[1] Part 91 governs the operations of noncommercial, private-use flights. Part 135 governs the operations of charter, revenue-generating flights. (See Compl. ¶ 6.)

[2] Other alleged violations of FAA regulations were in the areas of maintenance, flight crew compliance, and safety. (Compl. ¶ 8.)

1  No. 9), the motion to dismiss was denied as moot (Doc. No. 11).[3]

2  The FAC alleges five causes of action: (1) breach of contract, (2) fraud, (3) accounting, (4) implied indemnity, and (5) negligence. All causes of action name Gemini; only the second, fourth, and fifth causes of action name Mr. Carpay. On June 1, 2007, defendants moved to dismiss the FAC. (Doc. No. 13.) Plaintiff filed its response in opposition on July 13, 2007. (Doc. No. 15.) Defendants filed their reply on July 23, 2007. (Doc. No. 16.) Finding the motion suitable for adjudication on the papers, the Court then took the matter under submission, pursuant to Civil Local Rule 7.1(d)(1).

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) alleges that the plaintiff's complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)) (internal quotations omitted). Such a situation arises when the complaint either lacks a cognizable legal theory or fails to plead facts essential to a cognizable legal theory. Zamani v. Carnes, 491 F.3d 990, 996-97 (9th Cir. 2007); SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996).

In determining whether a complaint can withstand a Rule 12(b)(6) dismissal, "a court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000) (citing Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996)). However, a court is not required to credit "conclusory allegations of law and unwarranted inferences[.]" Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 820 (9th Cir. 2002) (quoting Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. Cal., 159 F.3d 1178, 1181 (9th Cir. 1998) (other quotations omitted)). To determine whether plaintiff can prove facts entitling it to relief, the

---

[3] This case was originally assigned to the Hon. M. James Lorenz, who denied as moot the initial motion to dismiss. On October, 2007, after briefing on the presently pending motion to dismiss had been completed, the case was reassigned to the Hon. Janis L. Sammartino. (Doc. No. 18.)

1  Court may consider documents attached to the complaint. <u>Nat'l Ass'n for Advancement of
2  Psychoanalysis v. Cal. Board of Psychology</u>, 228 F.3d 1043, 1049 (9th Cir. 2000); <u>Durning v. First
3  Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987); <u>Santos v. County of L.A. Dep't of Children &
4  Family Servs.</u>, 299 F. Supp. 2d 1070, 1075 n.8 (C.D. Cal. 2004). The Court may reject
5  "allegations that contradict matters properly subject to judicial notice or by exhibit." <u>Sprewell v.
6  Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001); <u>AMCAL Multi-Housing, Inc. v. Pac.
7  Clay Products</u>, 457 F. Supp. 2d 1016, 1018 n.1 (C.D. Cal. 2006).

## DISCUSSION

### A. Waiver

Defendants argue that all causes of action are barred by paragraph 10 of the Agreement, which disclaims each party from liability to the other in tort or contract "for indirect, incidental, consequential, special, exemplary damages, or diminution of value following loss." Based on this language, defendants ask the Court to dismiss plaintiff's prayer for consequential, economic/incidental, and punitive/exemplary damages. In opposition, plaintiff focuses on the phrase "following loss," which purportedly limits paragraph 10 to liability arising from the total loss on the aircraft. To support this interpretation, plaintiff cites paragraph 8.2, which provides for the immediate termination of the Agreement "[i]n the event of total loss or destruction of the [a]ircraft[.]" Furthermore, plaintiff argues that a total bar on these kinds of monetary damages would conflict with paragraph 9(iii), which allows the recovery of "any and all damages or expenses which the non-defaulting party shall have sustained by reason of the default."

At the motion to dismiss stage, taking into account the other Agreement provisions which plaintiff cites, the Court finds that plaintiff may be able to prove a set of facts entitling it to monetary damages, despite the disclaimer of liability in paragraph 10. Therefore, the Court does not dismiss any cause of action on waiver grounds.

### B. Breach of Contract

Plaintiff alleges that, for the duration of the Agreement, it had the exclusive right to use the aircraft for FAR 135 flights and was, therefore, entitled to compensation for any of the aircraft's FAR 135 flights. (<u>See</u> Compl. ¶¶ 6, 12.) Plaintiff further alleges that defendants breached the

1  Agreement by, <u>inter alia</u>, conducting FAR 135 flights without plaintiff's consent or knowledge.
2  (<u>Id.</u> ¶ 13.) Defendants ask the Court to dismiss the cause of action for breach of contract because
3  the Agreement "does not grant [JSC] the exclusive right to use of the Aircraft for [FAR 135]
4  charter service, or the right to collect revenues from any charter flight." (Memo. ISO Motion, at 5-
5  6.) Defendants emphasize Agreement provisions that require Gemini to make the aircraft
6  available for charter flights on less than half of the days of the year and that give Gemini the right
7  to refuse any charter flight proposed by JSC. (Agreement ¶¶ 4.1, 4.3.)

8        In opposition, plaintiff directs the Court to no explicit contractual language to support its
9  allegations of an exclusive right to conduct FAR 135 flights. Instead, plaintiff avoids the issue by
10 focusing on the FAC's other allegations of breach. Specifically, plaintiff asks the Court to infer an
11 obligation on Gemini to comply with federal law whenever it operated the aircraft or reported the
12 aircraft's flight status during the term of the Agreement. <u>See</u> Cal. Civ. Code § 1643 (requiring
13 construction that makes the contract lawful, if such an interpretation does not violate the parties'
14 intentions). Indeed, the FAC separately alleges a breach of the Agreement based on the illegal
15 operations and inaccurate reports, resulting in plaintiff's noncompliance with FAR 135
16 regulations. (<u>See</u> Compl. ¶ 13, at ll.14-19.) However, reference to these other breaches is
17 essentially non-responsive to defendant's arguments that plaintiff inadequately pled a breach based
18 on Gemini's operation of FAR 135 flights without plaintiff's consent and without sharing the
19 revenue.

20       Plaintiff concedes that its cause of action for breach of contract "seek[s] recovery . . . as a
21 result of non-written agreements and implied in the conduct of the parties in their operation of the
22 businesses." (Opp., at 7.) While plaintiff may proceed on a breach-of-contract theory
23 supplemented by such unwritten agreements and the parties' conduct, the problem with its cause
24 of action for breach of contract, as currently pled in the FAC, is the exclusive reliance on the
25 Agreement. That Agreement is a written document which contains no provision giving JSC an
26 exclusive right to operate the aircraft for FAR 135 flights. To the contrary, the Agreement gives
27 JSC "operational control of the Aircraft during charter flight operations pursuant to this
28 Agreement" (<u>see</u> Agreement ¶ 1.3), with no explicit prohibition against Gemini's making

1 arrangements for flights with other charter service providers.  Therefore, the Court rejects
2 plaintiff's conclusory allegation in the "General Factual Allegations" section that it "was, as a
3 matter of law, the only entity under which the subject aircraft could engage in FAR 135 flight
4 operations."  (Compl. ¶ 6.)  The Court likewise rejects the repetition of this conclusory allegation
5 within the cause of action for breach of contract, wherein plaintiff claims that the parties "entered
6 into a written contract whereby [JSC] was to be the sole charter provider for Gemini's subject
7 aircraft and pursuant thereto, was required to be compensated for any and all FAR 135 flight
8 operations[.]" (Id. ¶ 12.)  The Agreement itself, attached as an exhibit to the FAC, contradicts this
9 allegation of exclusivity.  Plaintiff cannot presently proceed on the theory that unwritten
10 agreements and the parties' conduct created such an exclusive right, because the claim as currently
11 pled relies on the Agreement alone and remains silent as to any such unwritten agreements or
12 conduct.

13 Although defendants focus their arguments against plaintiff's allegation that defendants
14 breached the Agreement by conducting FAR 135 flights without plaintiff's participation, the
15 remaining allegations of breach are likewise pled insufficiently.  Plaintiff fails to identify (even
16 generally) the source of defendants' obligation to keep plaintiff in compliance with FAR 135
17 regulations.  Therefore, while plaintiff claims Gemini "breached the agreement by threatening, or
18 actually causing, breaches of [JSC's] FAR 135 conformity" (Compl. ¶ 13), plaintiff fails to plead
19 the contractual basis of defendant's obligation to keep JSC in "conformity" with FAR 135
20 regulations.  The existence of a contractual obligation is the first element in a cause of action for
21 breach of contract.  Reichert v. Gen. Ins. Co. of Am., 68 Cal. 2d 822, 830 (Cal. 1968); accord Fed.
22 Sav. & Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1044, 1049 (N.D. Cal. 1988).  Plaintiff must
23 first allege a contractual obligation in order to plead breach adequately.

24 For reasons stated above, the Court grants defendants' motion to dismiss the first cause of
25 action for breach of contract.  The Court grants plaintiff leave to amend this cause of action
26 because justice so requires "in light of the strong policy permitting amendment," Thomas-Lazear
27 v. Fed. Bureau of Investigation, 851 F.2d 1202, 1206 (9th Cir. 1988); see Fed. R. Civ. P. 15(a)
28 (directing court to grant leave to amend "when justice so requires").

**C.     Fraud**

"In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b); see Moore v. Brewster, 96 F.3d 1240, 1245-46 (9th Cir. 1996) (where plaintiff alleges state-law fraud in federal court, Rule 9(b) requires plaintiff to plead the elements of that fraud with particularity). The allegations must be "'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1051-52 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993)). Plaintiff must provide particular facts concerning "time, place, persons, statements made, [and] explanation of why or how such statements are false or misleading." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994) (en banc), superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 2d 1297, 1309-10 (C.D. Cal. 1996); In re Calpine Corp. Sec. Litig., 299 F. Supp. 2d 1054, 1074-75 (N.D. Cal. 2003). However, a court "'cannot make Rule 9(b) carry more weight than it was meant to bear.'" Cooper v. Pickett, 137 F.3d at 627 (quoting GlenFed, 42 F.3d at 1554). Therefore, where a complaint alleged specific types of improper revenue recognition on specific financial statements during specific quarters, the Ninth Circuit held that the complaint survived Rule 9(b)'s particularity standard although the complaint "d[id] not describe in detail a single specific transaction[.]" Cooper, 137 F.3d at 627. Failure to plead fraud with sufficient particularity is grounds for dismissing the complaint under Rule 9(b). Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001).

Here, the Court finds that plaintiff has not pled fraud with sufficient particularity pursuant to Rule 9(b). In paragraph 17 of the FAC, plaintiff alleges that Mr. Carpay made the following representations over an approximately fifteen-month period:

    a.    That GEMINI had advised JET SOURCE of all flight operations of the subject aircraft, and that such reports were accurate;
    b.    That GEMINI had advised JET SOURCE of the subject aircraft's operational status, and maintenance, and that such reports were accurate.
    c.    That GEMINI was not flying any passengers for hire, except those flights that JET SOURCE maintained operational control and was contracting with and billing such customers;
    d.    That GEMINI was following and adhering to any and all FAA regulations

> relating to the operation and control of the subject aircraft;
> e.  That certain flights were not subject to FAR 135, [but] were FAR 91 flight operations for which no consideration was received from any passenger[.]

Plaintiff alleges that all these representations were false. (See FAC ¶ 18.) With respect to subsections (a), (b),(d), and (e), however, the Court finds that plaintiff has not pled falsity with sufficient particularity because plaintiff fails to explain precisely how such statements are false or misleading. Plaintiff does not allege with particularity (1) the specific inaccuracies in Gemini's representations about the aircraft's flight operations, operational status, and maintenance; (2) the FAA regulations with which Gemini was actually not in compliance; or (3) the particular flights which were represented to be FAR 91 operations, but were, in fact, FAR 135 flights for which Gemini received compensation.[4]

With respect to all subsections ((a)-(e)), the Court finds that plaintiff has inadequately pled the circumstances constituting fraud. Besides identifying a very broad period (more than a year) during which Mr. Carpay made these misrepresentations, plaintiff fails to provide sufficiently specific details concerning the time, place, and the manner of these misrepresentations. Plaintiff does not explain how, where, or (except very generally) when Mr. Carpay communicated these allegedly fraudulent misrepresentations to JSC. Unless plaintiff pleads fraud with greater particularity, defendant does not have enough notice of the misconduct allegedly constituting fraud to defend against the charge. Without "'mak[ing] Rule 9(b) carry more weight than it was meant to bear,'" Cooper, 137 F.3d at 627 (quoting GlenFed, 42 F.3d at 1554), the Court finds that the FAC's allegations of fraud are too general and nonspecific to satisfy the Rule 9(b) standard. Therefore, the Court dismisses the second cause of action for fraud, but grants plaintiff leave to amend this cause of action because justice so requires.

//

**D.  Implied Indemnity**

---

[4] With respect to subsection (c), plaintiff provides a sufficient explanation of why and how these statements are false. I.e., where defendant allegedly represented that Gemini flew passengers for hire only on flights where JSC had operational control and billed the customers, plaintiff adequately pleads falsity by alleging that Gemini, in fact, flew passengers for hire on other flights. (See FAC ¶ 18(c).) However, for the reasons stated herein, subsection (c) is nonetheless inadequate because plaintiff does not provide sufficient particularity as to the other circumstances of fraud.

Plaintiff stipulates to a dismissal of its cause of action for implied indemnity because no penalties have yet been imposed against JSC for defendants' conduct. The Court dismisses this cause of action without prejudice. Plaintiff may move to amend the complaint to re-plead this cause of action when and if it becomes ripe.

### E. Accounting

Plaintiff alleges that Gemini "received profits and realized monies in violation of contract" and requests an accounting of the realized profits and other amounts owed under the contract. (Compl. ¶¶ 24-25.) Defendants ask the Court to dismiss plaintiff's cause of action for an accounting because the contract purportedly does not entitle JSC to revenue for FAR 135 flights which Gemini did not approve for charter by JSC.

The Court denies defendant's motion with respect to this cause of action because the Agreement expressly allows for an accounting. In the event of the termination or default of the Agreement, "[w]ithin sixty (60) days, a full accounting shall be made by representatives of both JSC and [Gemini] and all accounts settled between the parties." (Agreement ¶ 6(b).) The complaint alleges the termination of the Agreement. (Compl. ¶ 9.) Therefore, the express language of the Agreement entitles plaintiff to the accounting which it seeks.

### F. Negligence

Plaintiff's final cause of action alleges a special relationship between JSC and defendants, which, in turn, gives rise to defendants' duty of reasonable care "to protect the integrity" of JSC's charter license by complying with FAA regulations. (Compl. ¶ 29.) Defendants allegedly breached this duty by violating those regulations, resulting in JSC's improper documentation of its records and loss of operational control over certain FAR 135 flights. (Id. ¶ 30.) In their motion to dismiss, defendants argue that plaintiff's negligence claim impermissibly restates the cause of action for breach of contract, rather than alleging an independent duty in tort. See Aas v. Superior Court, 24 Cal. 4th 627, 643 (Cal. 2000) ("A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations."); Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 515 (Cal. 1994) ("Conduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort

law.").

The Court rejects defendants' argument because the Court finds that plaintiff's negligence cause of action alleges an independent tort duty, separate from the contractual obligation. Read in the light most favorable to plaintiff, the complaint alleges a duty of reasonable care arising from the particular laws and regulations governing commercial charter flights, especially the legal obligations which JSC had to follow to maintain its certification pursuant to FAR 135. (See Compl. ¶ 29.) Gemini's duty to conduct the aircraft's flights in a way that ensured JSC's ongoing compliance with FAA regulations is separate from Gemini's breach of its contractual obligations. Where the tort duty is distinguishable from the breach of contract, California has long recognized a cause of action for negligent performance of a contract. Eads v. Marks, 39 Cal. 2d 807, 810 (Cal. 1952); N. Am. Chem. Co. v. Superior Court, 59 Cal. App. 4th 764, 774 (Cal. Ct. App. 1997). Because the claim for negligent performance of contract is viable, the Court denies defendants' motion to dismiss this cause of action.[5]

## CONCLUSION

The Court **GRANTS** defendants' motion to dismiss the causes of action for breach of contract and implied indemnity, pursuant to Rule 12(b)(6), and for fraud, pursuant to Rule 9(b). The Court **GRANTS** plaintiff leave to amend the causes of action for breach of contract and fraud. If plaintiff wishes to file a second amended complaint, plaintiff **SHALL FILE** that complaint within thirty (30) days of the date this Order is electronically filed. When and if plaintiff's claim for implied indemnity becomes ripe, plaintiff **MAY MOVE** for leave to amend the complaint.

//
//
//
//

---

[5] Defendants further argue that plaintiff's negligence claim is barred by the "economic loss rule[.]" (See Memo. ISO Motion, at 20 (citing Seely v. White Motor Co., 63 Cal. 2d 9, 18 (Cal. 1965)). The Court finds that defendants fail to satisfy their burden on this motion merely by invoking the rule in such conclusory fashion. Furthermore, North American Chemical Co. unambiguously holds that, in a contract for services, a plaintiff may recover economic loss damages against a party with whom the plaintiff is in contractual privity. 59 Cal. App. 4th at 785. Applied to the facts of this case, that holding defeats defendants' argument.

1 | The Court **DENIES** defendants' motion to dismiss plaintiff's causes of action for an accounting and for negligence.

IT IS SO ORDERED.

DATED: November 19, 2007

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge