# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JET SOURCE CHARTER, INC., a Nevada Corporation,<br><br>                        Plaintiff,<br>vs.<br><br>GEMINI AIR GROUP, INC., an Arizona Corporation; TIM CARPAY; and DOES 1 through 30, inclusive,<br>                        Defendant. | CASE NO. 07 CV 433 JLS (JMA)<br><br>**ORDER:(1) VACATING TRIAL DATE AND SETTING STATUS CONFERENCE; and (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE**<br><br>(Doc. No. 60.) |

Presently before the Court is Defendant's motion in limine to exclude evidence regarding breach of the implied covenant of good faith and fair dealing. (Doc. No. 60.) Also before the Court is Plaintiff's response in opposition and Defendant's reply. (Doc. Nos. 64, 66.) A jury trial in the matter is currently scheduled to commence July 28, 2010.

The Court **HEREBY VACATES** the jury trial set to commence July 28, 2010 and **SCHEDULES** a status hearing for July 15, 2010 at 1:30 PM in Courtroom 6 to set a new trial date and discuss other pre-trial issues.

The Court further **GRANTS IN PART** and **DENIES IN PART** Defendant's motion in limine, for the reasons discussed below.

//

**BACKGROUND**

**I.     Factual Background**

This action arises out of an agreement between Jet Source Charter ("Jet Source") and Gemini Air Group, Inc. ("Gemini"). Jet Source is a certified charter flight operator and Gemini leases aircrafts and provides flight crews. (*See* Third Amended Complaint ("TAC") ¶ 1, 2.) In July of 2005, Jet Source and Gemini entered into a twelve-month agreement ("Agreement") in which Jet Source guaranteed 250 charter hours per year and agreed to pay Gemini $3700 per hour for use of the aircraft. (*See* Agreement ¶¶ 1.1, 2, 4.2-4.3.) In return, Gemini agreed to make the aircraft available for no less than 180 days per year and to pay for the aircraft's maintenance, certification and operation. (*See id.* ¶¶ 3.1-3.2, 4.2.)

On September 21, 2006, the Federal Aviation Administration ("FAA") conducted a ramp check of the aircraft and discovered that Gemini was violating federal aviation regulations ("FAR"); specifically, FAR 135, which regulates charter flights in which revenue is generated. (*See* TAC ¶¶ 6, 7.) The FAA allegedly found that Gemini was reporting FAR 135 flight operations as FAR 91 flights. (*Id.* at ¶ 7; *see also id.*, Ex. B (FAA complaint against Gemini.) FAR 91 regulates private, non-commercial flights. (*Id.* at ¶ 7.) As a result of this discovery, the FAA issued a "no fly" order for the aircraft. (*Id.* at ¶ 8.) Jet Source thereafter terminated the Agreement and removed the aircraft from its FAR 135 certification. (*Id.* at ¶ 16.)

**II.    Procedural Background**

Jet Source initiated this action in state court, which was removed to federal court on May 8, 2007. (Doc. No. 1.) Jet Source filed a First Amended Complaint ("FAC") on May 17, 2007. (Doc. No. 9.) Gemini filed a motion to dismiss the FAC on June 1, 2007, which was granted in part and denied in part by this Court on November 19, 2007, denying the motion to dismiss as to the causes of action for negligence and accounting and granting leave to amend the causes of action for breach of contract and fraud and . (*See* Doc. No. 19.) On December 18, 2008, Jet Source filed a Second Amended Complaint ("SAC"). (Doc. No. 21.) Gemini filed a motion to dismiss the SAC on January 7, 2008. (Doc. No. 21.) On July 22, 2008, this Court granted Gemini's motion without prejudice, granting leave to amend the causes of action for breach of

contract and fraud. (*See* Doc. No. 25.) A Third Amended Complaint ("TAC"), the operative complaint in this matter, was filed on August 22, 2008. (Doc. No. 26.) Gemini filed an Answer to the TAC and a counter-claim on August 11, 2008. (*See* Doc. Nos. 27, 28.)

On May 13, 2010, Gemini filed the present motion in limine to exclude all evidence regarding a breach of the implied covenant of good faith and fair dealing. (Doc. No. 60.) Jet Source filed its response in opposition on May 27, 2010 (Doc. No. 64), and Defendant filed its reply on June 3, 2010. (Doc. No. 66.) Oral argument was heard on the motion on June 10, 2010. At oral argument, the Court permitted supplemental briefing for both parties. Both Gemini and Jet Source filed supplemental briefs on June 16, 2010. (Doc. Nos. 72, 75.)

## DISCUSSION

Gemini's motion in limine seeks to exclude all evidence relating to a breach of the implied covenant of good faith and fair dealing, asserting that this Court's prior motion to dismiss orders held that such an implied contractual obligation fails as a matter of law. The Court disagrees.

First, the two motion to dismiss Orders dealt with the adequacy of the allegations in the First and Second Amended Complaint. The operative complaint, however, is the Third Amended Complaint. The TAC was not challenged and therefore there is no Order discussing the adequacy of the breach of contract claim in the TAC. Accordingly, Gemini's argument that the Court "has previously ruled that such general contentions of a breach of implied contractual obligations are not viable as a matter of law" is inaccurate on this ground alone. The Court has made no ruling on the viability of the breach of contract and any implied contractual obligations alleged in the operative complaint, the TAC.

Further, the breach of contract claim in the TAC asserts a breach of the implied covenant of good faith and fair dealing and cures the deficiencies this Court found in both the FAC and SAC. In its Order granting dismissal of the breach of contract claim alleged in the FAC, the Court found that "[w]hile plaintiff may proceed on a breach-of-contract theory supplemented by . . . unwritten agreements and the parties conduct," the breach of contract claim failed "because the claim as currently pled [in the FAC] relies on the Agreement alone and remains silent as to any such unwritten agreements or conduct." (Doc. No. 19 at 5-6.)

In the SAC, Jet Source attempted to correct this deficiency, though the Court still found that it had not adequately pled a breach of contract claim. The Court noted: "While no contractual provision obligated Defendants to comply with federal law during the term of the Agreement, Plaintiff argues that the duty of good faith and fair dealing prohibited Defendants from taking any action that would deprive [Jet Source] of the Agreement's benefits." (Doc. No. 25 at 3-4.) However, the Court ultimately found:

> Plaintiff fails to plead adequately the contractual basis of Defendants' obligation to keep [Jet Source] in conformity with FAR 135 regulations. Plaintiff has not adequately alleged that Defendants acted in bad faith because Plaintiff has not explained how the September 21, 2006 flight rendered performance of the contract impossible. Plaintiff does not allege that it even requested that Defendants make the aircraft available after September 21, 2006. Instead, Plaintiff references the duty of good faith and vaguely claims that 'complicated regulatory schemes' required removal of the aircraft. (SAC ¶ 12.) Other than these vague references, Plaintiff offers no further guidance as to the contractual source of Defendants' obligation to keep [Jet Source] in conformity with federal regulations.

(*Id.* at 4-5.)

The TAC, however, adds additional allegations and details regarding the provisions of the Agreement and FAA regulations.[1] (*See* TAC ¶¶ 13, 18.) Further, in the TAC, Jet Source connected the provisions of the Agreement which allegedly created a contractual obligation with Gemini's implied duty of good faith to not render the performance of the Agreement impossible. *See Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093 (Cal. Ct. App. 2004) (quoting *Ham v. Frasher*, 181 Cal. App. 2d 405, 417 (Cal. Ct. App. 1960)) (stating that the implied covenant of good faith and fair dealing imposes on each contracting party the duty to refrain from doing anything that would render performance of the contract impossible); *see also Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (Cal. 1968) (recognizing that the existence of a contractual obligation is the first element in a cause of action for breach of contract). In other words, the TAC adequately pleads a cause of action for breach of contract and explicitly alleges that "Gemini had a duty of good faith and fair dealing not to take any action to deprive Jet Source

---

[1] In its supplemental brief, Jet Source argues that there are no new allegations in the TAC to support a viable claim for the breach of the implied covenant, citing the identities of paragraphs 6 and 15 in the TAC with paragraphs 11 and 6 in the SAC. (*See* Doc. No. 75 at 2-3.) The allegations found within these paragraphs, however, are not the paragraphs and allegations upon which this Court relies finding a viable claim and correcting the deficiencies within the SAC. Further, whether the language in the Aircraft Charter Agreement directly contradicts an implied covenant claim is a matter best left for trial.

1  of the benefits of the agreement." (TAC ¶ 15.) Gemini apparently conceded such when it chose
2  not to challenge the TAC, instead answering and asserting counterclaims. To now request the
3  Court to "exclude Jet Source from offering into evidence documents or testimony solely for the
4  purpose of supporting in general [sic] and repudiated claim of a breach of the implied covenant
5  good faith and fair dealing" is unwarranted.[2]

6      In its opposition, however, Jet Source sets forth what it expects to establish at trial in
7  support of its breach of the implied covenant claim. In Gemini's reply brief, Gemini argues that
8  several of these alleged pieces of evidence, such as "e-mail messages from the defendants, which
9  plaintiff believes will establish that defendants wrongfully took actions depriving plaintiff of the
10 benefits of the contract, evidencing a breach of contract for the violation of those duties," were not
11 disclosed in Jet Source's initial disclosures. (*See* Opp. at 2:8-10; *see also* Ex. 7 ISO Reply.)
12 Further, Gemini asserts that Jet Source puts forth the theory that Jet Source intends to show that
13 Gemini deprived "Jet Source of the benefits of the contract by flying passengers illegally for hire
14 which should have been legally flown under the contract, with the purpose of keeping all the
15 proceeds of such flights to itself, and depriving Jet Source of same" for the first time in its
16 opposition. (*See* Opp. at 3:15-17.) It is these assertions that the Court granted supplemental
17 briefing on, as they were first raised in Gemini's reply brief.

18     As to the latter assertion, the Court finds no allegations in the TAC or in answers to
19 interrogatories or other documents asserting this theory of illegal revenue or otherwise alleging
20 facts to support this theory. (*See* TAC; *see also* Ex. 5 ISO Reply (Am. Answer to
21 Interrogatories).) Moreover, Plaintiff does not appear to claim any damages regarding the alleged
22 revenue from these illegal flights. (*See generally* TAC.) The damages claimed are those which
23 resulted from the unavailability of the aircraft, not any illegally obtained revenue. (*See id.*) The
24 Court therefore will exclude any argument as to this theory for breach of contract or breach of the
25 implied covenant of good faith or fair dealing at trial.

26     As to the alleged e-mail messages or other documents not produced during discovery, the
27
28     [2] Further, this is an extremely broad request and it would be difficult to parse at trial evidence regarding the implied covenant from evidence regarding the breach of contract claim itself.

Court has insufficient evidence supporting whether these documents were or were not produced during discovery and thus makes no specific ruling at this time. However, the Court will only allow evidence to be introduced at trial which has previously been disclosed during discovery.

## CONCLUSION

For those reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Gemini's motion in limine. While the Court finds it unnecessary and unwarranted to exclude all evidence regarding the implied covenant of good faith and fair dealing, any allegations not asserted in the TAC or previously disclosed during discovery will not be admissible at trial, consistent with the above analysis.

IT IS SO ORDERED.

DATED: June 23, 2010

_____
Honorable Janis L. Sammartino
United States District Judge